### ALL AMERICAN DISTRIBUTING CO., INC., Plaintiff-Appellant,

v.

### MILLER BREWING COMPANY, Defendant-Appellee.

No. 83–2614.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 1984.

Decided June 29, 1984.

John F. Lundin, Phoenix, Ariz., Steven M. Pesner, Anderson, Russell, Kill & Olick, New York City, for plaintiff-appellant.

Harry J. Cavanagh, O'Connor, Cavanag, Anderson, Westover & Killingsworth, Phoenix, Ariz., for defendant-appellee.

Before SCHROEDER and NORRIS, Circuit Judges, and BELLONI,* District Judge.

SCHROEDER, Circuit Judge.

The appeal in this diversity action involves an unsettled question of Arizona law: the meaning of "prevailing party" as it is used in the Arizona Spirituous Liquor Franchises Act, Ariz.Rev.Stat.Ann. §§ 44–1565–1567 (1967 & Supp.1983). The issue is whether successful defense of a preliminary injunction motion coupled with the voluntary dismissal of all other claims entitles Miller Brewing Co. (Miller) to attorney fees as a prevailing party, even though there has been no adjudication of the merits of the action for damages. Drawing upon other Arizona attorney fee provisions as well as analogous case law, the district court concluded that final adjudication on the merits is not a prerequisite to recovery of attorney fees under the ASLFA if the totality of the litigation reveals that one party prevailed. The district court awarded attorney fees to Miller, but reduced the $46,622.50 Miller requested to $29,000. We affirm.

The procedural history of this litigation is important to resolution of this appeal. Miller had a distributorship agreement with All American Distributing Co., Inc. (All American) for the distribution of Miller beer in parts of Arizona. When All American changed ownership without Miller's prior approval, Miller terminated the distributorship. All American requested an arbitration proceeding with the American Arbitration Association, alleging that Miller had violated the ASLFA and seeking specific performance of the distributorship agreement as well as damages. Four days later, All American filed suit in federal court requesting: (1) a preliminary injunction enjoining Miller from terminating the distributorship pending arbitration; (2) damages for violation of the ASLFA; and (3) damages for breach of contract. The complaint later was amended to include a motion to compel arbitration.

The district court denied All American's motion for a preliminary injunction because, by the distributorship agreement's terms, All American was entitled only to damages, not equitable relief, and because All American was not likely to succeed on the merits. While All American appealed the denial of the preliminary injunction to this court, Miller attempted discovery on the damages claims. All American responded by moving voluntarily to dismiss those claims and the motion to compel arbitration, since Miller already had agreed to arbitrate the dispute. The district court granted that dismissal without prejudice but conditioned it upon payment to Miller of $3500 in attorney fees. After we affirmed the district court's denial of the preliminary injunction, All American moved to dismiss its remaining claim for injunctive relief. The district court ordered dismissal without prejudice, and without reference to attorney fees. All American subsequently withdrew from arbitration and Miller sought to recover its attorney fees as a prevailing party, under Ariz.Rev.Stat. Ann. § 44–1567 A, on the claim for injunctive relief.

Section 1567 A of the ASLFA provides:

Any wholesaler may bring an action against a supplier or a supplier may bring an action against a wholesaler for violation of any provision of section 44–1566 in any court of competent jurisdiction and may recover the damages sustained by him. In such action the prevailing party shall receive reasonable attorney's fees.

No Arizona court has interpreted the phrase "prevailing party" under this statute. Nor is there any legislative history to give guidance as to its meaning. All American contends that a "prevailing party" is one who receives a successful adjudication on the merits of a claimed violation of the ASLFA. Since the adjudication here determined only that All American had not met

* Honorable Robert C. Belloni, United States District Judge for the District of Oregon, sitting by designation.

its burden for obtaining a preliminary injunction, and the district court stressed in denying the injunction that it was not ruling in the merits of contract claims, All American argues there was no prevailing party.

One problem with All American's argument is that the language of § 44–1567 A makes no reference to adjudication on the merits as a prerequisite to recovering attorney fees as a prevailing party. The legislature easily could have so provided. Another statute, Ariz.Rev.Stat.Ann. § 12–348 (1982), which concerns civil actions against the state, explicitly states that fees shall be awarded "to any party ... which prevails by an adjudication on the merits."

Moreover, All American cites no Arizona case interpreting "prevailing party" or any similar phrase to require judgment on the merits. Indeed, under Ariz.Rev.Stat.Ann. § 12–342 (1982), which awards costs for appeals, the Arizona Supreme Court held that the appellee "prevailed" even though the appeal was dismissed as moot and the court never reached the merits. *Application of Perez*, 71 Ariz. 352, 227 P.2d 385 (1951).

Ariz.Rev.Stat.Ann. § 12–341.01 (1982), which allows a "successful party" to recover attorney fees in breach of contract actions, is perhaps the most analogous provision to § 44–1567 A. Under § 12–341.01, Arizona trial courts have discretion to determine the successful party by examining "the totality of the litigation." *Nataros v. Fine Arts Gallery of Scottsdale*, 126 Ariz. 44, 49, 612 P.2d 500, 505 (Ct.App.1980). *See also Watson Construction Co. v. Amfac Mortgage Corp.*, 124 Ariz. 570, 585, 606 P.2d 421, 435–36 (Ct.App.1979); *Trollope v. Koerner*, 21 Ariz.App. 43, 47, 515 P.2d 340, 344 (1973). In *Nataros*, the plaintiff brought an action for fraud and negligent representation in connection with items purchased at an auction, and defendants counterclaimed for libel and slander. After receiving the evidence, the trial court dismissed the counterclaim and granted a directed verdict for defendants on the fraud and negligent misrepresentation claims.

Even though the defendant's counterclaim had not succeeded, the court concluded that the defendant was the successful party and entitled to attorney fees. *Nataros*, 126 Ariz. at 49, 612 P.2d at 505.

Reviewing the totality of the litigation in the present case, we hold that the district court did not abuse its discretion by concluding that Miller was the prevailing party. In essence, this was an action for an injunction pending arbitration, with damages claims appended. The parties spent the bulk of their time litigating the injunction issue, as evidenced by the fact that attorney fees associated with the injunction totalled $29,000 while those associated with the damages claims totalled only $3500. When Miller sought discovery on the damages claims, All American moved for voluntary dismissal of everything but the injunction. Finally, when All American did not succeed in reversing the district court's denial of a preliminary injunction, it agreed to dismiss its remaining claim and withdrew from arbitration.

All American argues that cases defining "prevailing party" under federal attorney fees provisions, *e.g.* 42 U.S.C. § 1988 (Supp. V 1981), have required some determination on the merits before awarding attorney fees and that we should interpret § 44–1567 A in a similar manner. In *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), however, the Supreme Court held that a party could prevail through settlement as well as through litigation. The Court stated, "nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation on the issues or on a judicial determination that the plaintiff's rights have been violated." *Id.* at 129, 100 S.Ct. at 2574. *See Rutherford v. Pitchess*, 713 F.2d 1416, 1419 (9th Cir.1983). The denial of the preliminary injunction in the present case, which followed a hearing and extensive findings by the district court, bears a closer resemblance to adjudication on the merits than did the settlement in *Maher*.

*Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per

curiam), the major case upon which All American relies, is not to the contrary. In *Hanrahan,* the Court ruled that an interlocutory award of attorney fees was not proper where the plaintiffs merely had obtained reversal on appeal of a directed verdict and several discovery orders and where the case was remanded for trial. The Court reasoned that the discovery questions were only procedural matters that would not justify fee-shifting, and that an award of fees for overturning the directed verdict would be premature before the case went to trial on the merits. *Id.* at 756–58, 100 S.Ct. at 1988–89. In contrast, the dismissal of the preliminary injunction claim at issue here was not an interlocutory procedural step, but achievement of Miller's major goal in the litigation. *See Sethy v. Alameda County Water District,* 602 F.2d 894, 897–98 (9th Cir.1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980) (prevailing party is one who succeeds on any significant issue in litigation); *Keith v. Volpe,* 501 F.Supp. 403 (C.D.Cal.1980) (preliminary injunction accompanied by settlement entitles plaintiff to attorney fees under § 1988). As far as Miller is concerned, this lawsuit is over; no further proceedings are necessary to defend its right to terminate All American's distributorship.

During oral argument, All American suggested that permitting attorney fees to be awarded after dismissal has been entered may have the effect of discouraging voluntary dismissals. Any such problem can be avoided if a defendant's agreement to dismissal is conditioned upon an award of attorney fees. Such a procedure apparently was followed by Miller in the damages claims dismissal. *See* Fed.R.Civ.P. 41(a)(2); 5 J. Moore, J. Lucas, & J. Wicker, *Moore's Federal Practice* ¶ 41.06 (2d ed. 1982). When a party raises attorney fees as a condition to voluntary dismissal, the district court is apprised of each party's position before deciding whether dismissal is proper. We do not consider whether that procedure should have been followed with regard to this dismissal since the issue was not raised in the district court or briefed to this court.

In the absence of express language in the statute requiring an adjudication on the merits of the underlying damages claims, we conclude that the courts of Arizona would not impose such a requirement. Our examination of Arizona and federal law leads us to hold that Miller was the prevailing party and is entitled to attorney fees under § 44–1567 A.

Affirmed.