37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America for the use of SUPERIOR ELECTRIC,
INC., a Nevada corporation, Plaintiff-Appellant,
v.
SLETTEN CONSTRUCTION, a Montana corporation; St. Paul Fire
& Marine Insurance Company, a Minnesota
corporation, Defendants-Appellees.
 No. 92-16742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 21, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Superior Electric, Inc., appeals the district court's award of attorney's fees to Sletten Construction Company, Inc. and St. Paul Fire & Marine Insurance Company. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * Superior first argues that Sletten and St. Paul's fees were unreasonable per se because the defendants could have and should have filed their motion for summary judgment earlier in the litigation process. According to Superior, the final outcome in the underlying action was self-evident. The Supplemental Agreement barred Superior from seeking additional payment. As a result, it was unreasonable for Sletten and St. Paul to engage in discovery for almost one year before moving for summary judgment.
 
 
 5
 Superior's argument is meritless. The district court found Sletten and St. Paul's behavior during the litigation to be reasonable in light of the multiple counts alleged in Superior's complaint. That finding is not clearly erroneous. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992). The district court did not abuse its discretion in awarding the attorneys' fees. Drucker v. O'Brien's Moving & Storage Inc., 963 F.2d 1171, 1173 (9th Cir.1992).
 
 II
 
 6
 Superior's second argument is equally meritless. Superior argues that because Sletten and St. Paul voluntarily dismissed their counterclaim, they deprived Superior of a chance to be a prevailing party as well and thereby cancel out Sletten and St. Paul's prevailing party status. It is possible that if Sletten and St. Paul had not dismissed their counterclaim, and they lost the trial on that issue, Superior would have also been deemed a prevailing party and neither Superior nor Sletten and St. Paul would have been entitled to attorneys' fees under the contract. However, there is no support for Superior's contention that Sletten and St. Paul's voluntary dismissal affected in any way their status as prevailing parties in the initial action brought by Superior. Cf. All American Distributing Co. v. Miller Brewing Co., 736 F.2d 530, 533 (9th Cir.1984).[1]
 
 
 7
 Sletten requested attorneys' fees on appeal pursuant to the contract. As Sletten is a prevailing party on appeal, we agree that fees are justified. We remand to the district court for a determination of the amount of the award.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In its reply brief, Superior raises for the first time two additional issues: 1) whether the district court abused its discretion in adopting an exhaustive list of factors to be considered in determining whether attorneys' fees are reasonable; and 2) whether the district court abused its discretion in awarding fees not incurred by Sletten in the litigation. Failure to raise or brief an issue in a timely fashion constitutes waiver of the issue on appeal. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.1991); In re Riverside-Linden Inv. Co., 945 F.2d 320, 324-25 (9th Cir.1991)