# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3414

_____

| | | |
|---|---|---|
| Sequa Corporation, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| William E. Cooper; Cynthia Bitting; | * | |
| Allied Industrial Group, Inc.; Sturm | * | [PUBLISHED] |
| Acquisitions, L.P.; Sturm Engineered | * | |
| Products, Inc., | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: April 9, 2001

Filed: April 16, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and CARMAN,[1] Judge.

_____

PER CURIAM.

_____

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

Sequa Corporation was the plaintiff in an action in the District Court.[2]  After discovery battles and other skirmishes, but before service of an answer or a motion for summary judgment by the defendants, Sequa gave notice of dismissal without prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.  Defendants filed objections to the notice of dismissal, which were overruled by the District Court. The court correctly noted that Sequa's Rule 41(a)(1)(i) dismissal of its action was as of right and was effective without an order by the court.  Defendants thereafter sought an award of the costs expended by them in defending the action prior to its dismissal.  The District Court granted the request in the amount of $2,582.71 as set forth in defendants' bill of costs.  Sequa appeals from the order of the District Court denying Sequa's motion for reconsideration.

For reversal, Sequa argues that the District Court was without jurisdiction to take any action once Sequa filed its Rule 41(a)(1)(i) notice of dismissal.  Alternatively, Sequa argues that the District Court erred in its finding that Sequa's voluntary dismissal of its lawsuit rendered defendants prevailing parties for purposes of an award of costs under Rule 54 (d)(1).  We find that neither of these arguments provides a sound basis for reversing the District Court.

As to the jurisdictional argument, a voluntary dismissal without prejudice under Rule 41(a)(1)(i) does not deprive a District Court of its authority to award costs.  See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 395 (1990) (recognizing that "federal court[s] may consider collateral issues after an action is no longer pending," including "motions for costs or attorney's fees"); cf. Kurkowski v. Volcker, 819 F.2d 201, 203 (8th Cir. 1987) (holding that a district court had jurisdiction to impose Rule 11 sanctions on plaintiffs after voluntary dismissal without prejudice under Rule 41(a)(2)). We conclude that the rationale of Kurkowski is equally applicable here insofar as our

---

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Court found the basis for the district court's jurisdiction in "its inherent authority over the cases and parties before it." 819 F.2d at 203. We find unpersuasive the language in Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987), cert. dismissed, 485 U.S. 901 (1988), that can be construed as denying jurisdiction to award costs in cases like the present case. Finally, we are satisfied that in the circumstances of this case the District Court's exercise of its authority to award costs must be upheld. Though we disagree with the court's conclusion that Sequa's voluntary dismissal of the action made defendants prevailing parties, we note that Rule 54(d)(1) simply provides that ordinarily costs shall be allowed "as of course" to the prevailing party "unless the court otherwise directs." We do not read Rule 54(d)(1) as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff, even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed. See Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021, 69 F.3d 456, 458 (10th Cir. 1995) (en banc) (holding that district courts have the discretion to award costs when a party dismisses an action, with or without prejudice). Here, defendants incurred costs in defending the action before Sequa took its voluntary dismissal. We are satisfied the district court did not abuse its discretion in allowing defendants to recover their costs.

The order of the District Court denying Sequa's motion for reconsideration is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.