INTERNATIONAL MARBLE AND GRANITE OF COLORADO, INC., Plaintiff,

v.

CONGRESS FINANCIAL CORPORATION, a Delaware corporation, Sherwood Partners, Inc., a California corporation, Hillco/Great American, aka Great American Group, an Illinois corporation, and Does 1–20, inclusive, Defendants.

No. CV05–4344SVW(RCX).

United States District Court, C.D. California.

July 20, 2006.

Christopher R. Miller, William T. Webb, Lanahan and Reilley, San Francisco, CA, for Plaintiff.

Fredrick S. Levin, Steven E. Rich, Mayer Brown Rowe and Maw, John A. Sturgeon, Susan K. Chandler, White and Case, Los Angeles, CA, Michael Jason Conway, Greenberg & Bass, Encino, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO BE DECLARED PREVAILING PARTY AND FOR AWARD OF COSTS AND ATTORNEYS' FEES [63]

WILSON, District Judge.

### I. INTRODUCTION

The Court previously heard and granted via minute order Defendant Congress Financial Corporation's ("Defendant" or "Congress") motion to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff International Marble & Granite of Colorado, Inc. ("Plaintiff"). The SAC was based on a loan agreement between Plaintiff and Defendant; Plaintiff essentially argued that Defendant wrongfully used its position of power over Plaintiff to drive Plaintiff out of business. Plaintiff was given leave to file a new complaint ("New Complaint") within three (3) weeks. Rather than file a New Complaint, Plaintiff elected to voluntarily dismiss the action without prejudice.

On October 27, 2005, Defendant filed this motion to be declared the prevailing party and to be awarded costs and fees. On November 15, 2005, the Court vacated

the hearing on this matter and took it under submission. On January 9, 2006, the Court heard a motion in a separate case that involves these same two parties. During the pendency of that motion, the Court became aware of a Letter Agreement between the two parties that appeared to affect the disposition of this motion. Accordingly, on March 7, 2006, the Court ordered the parties to further brief the question of whether the Letter Agreement impacted this motion. The parties have both briefed the Court on this question.

As discussed below, the Court GRANTS Defendant's request to be named the prevailing party under Rule 54; GRANTS Defendant's request for costs; and GRANTS Defendant's request for attorneys' fees. The Court also requires Defendant to provide a full accounting of its costs and fees.

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. The Complaint

In 2001, Plaintiff, wanting to expand its business, solicited financial institutions for a significant line of credit. After Plaintiff considered offers from other lenders, Plaintiff and Congress entered into a Loan and Security Agreement ("Loan Agreement"), dated August 21, 2001.

Within two months of entering into the Loan Agreement, Congress demanded that Plaintiff reduce its inventory, thereby reducing the amount of credit Congress was obligated to make available to Plaintiff. Congress continued demanding that Plaintiff reduce its inventory over a period of months, eventually resulting in Plaintiff losing customers because of its inability to fill orders quickly. In March 2002, Plaintiff admitted an "Event of Default," triggering the first of four amendments to the Loan Agreement.

In February or March of 2002, Congress requested that Plaintiff engage a company to conduct a viability study. Plaintiff hired Transition Partners to complete the study. Transition Partners found that Plaintiff was a viable business and that its problems primarily stemmed from Congress's inventory reduction demands.

In February or March 2002, Congress requested that Plaintiff hire Great American Group ("Great American") as an auditor.

In August 2002, Congress requested that Plaintiff hire a management consultant. Congress suggested four consulting companies, including Sherwood · Partners, Inc. ("Sherwood"). Congress insisted that Plaintiff hire Sherwood and threatened to cut off Plaintiff's line of credit if Plaintiff did not hire Sherwood.

Through Sherwood and Great American, Congress essentially took over Plaintiff's business, determining which creditors would be paid and when, requiring disruptive and costly monthly audits, and essentially driving Plaintiff's business into the ground.

Plaintiff initially sued Congress, Sherwood and Great American. Prior to the hearing on the motion to dismiss, however, Plaintiff settled with both Sherwood and Great American.

Plaintiff alleged the following causes of action: (1) breach of contract; (2) promissory estoppel; (3) fraud and concealment; (4) negligent misrepresentation; (5) unfair, unlawful and fraudulent business act and practice; (6) breach of fiduciary duty; (7) interference with corporate governance; (8) interference with contract and prospective business advantage; (9) conspiracy; (10) fraudulent inducement; (11) violation of RICO; (12) violation of Sherman Act; and (13) violation of Bank Company Holding Act.

*B. The Hearing, Dismissal of the SAC, and Voluntary Dismissal by Plaintiff*

On September 19, 2005, the Court held a hearing on the motion to dismiss. In discussing its view of the SAC with Plaintiff, the Court said, "you have just pages of theory and supposition. I don't see any facts at all;" and "I will give you leave to file an amended complaint but I caution you that what you have produced so far is not only inadequate but woefully inadequate ..." and "some of those causes of action are so off base that they implicate Rule 11." (Hearing Tr. Sept. 19, 2005 ("Hearing") at 6:12–13, 14:2–4, 19:4–5.)

The Court's minute order stated:

> As discussed in the hearing on September 19, 2005, pursuant to Federal Rule of Civil Procedure 9(b), a number of Plaintiff's claims are dismissed without prejudice. In light of Plaintiff's indication that all counts of the Second Amended Complaint ("Complaint") will be resubmitted, the Complaint is dismissed in full without prejudice. Plaintiff is instructed to file an amended complaint by October 11, 2005. Defendant's response is due on October 25, 2005; Plaintiff's opposition is due on November 8, 2005; and Defendant's reply is due on November 15, 2005. A hearing on this matter will be held on November 21, 2005.
>
> In addition, the Court orders the parties to brief the question of whether the release of liability in the fourth amendment to the Loan and Security Agreement (or any of the other amendments to the Loan and Security Agreement, as the parties deem fit) between Plaintiff and Defendant precludes Plaintiff from recovering from Defendant on grounds of fraud and promissory estoppel. The parties are instructed to submit briefs on this issue simultaneously with their filings regarding the amended complaint. Thus, Plaintiff's brief will be due on October 11, 2005 and Defendant's brief will be due on October 25, 2005.

(Court Order Sept. 19, 2005.)

Rather than file an amended complaint, Plaintiff voluntarily dismissed the case on October 11, 2005, under Federal Rule of Civil Procedure 41(a)(1).

According to Plaintiff, Plaintiff dismissed the case not because it believed it could not win on the merits but because it realized that it did not have the rights to most of the claims: in May 2003, Plaintiff and Dal–Tile International, Inc. ("Dal–Tile") entered into an asset purchase agreement which, among other things, may have transferred Plaintiff's rights against Defendant. Plaintiff dismissed to address this issue of standing. Plaintiff initially represented to this Court that Dal–Tile had assigned these rights to Plaintiff, but it has since come to light that no such agreement is forthcoming. Now, Plaintiff is asserting that it never transferred those rights to Dal–Tile and therefore does not need the assignment from Dal–Tile.

*C. The Letter Agreement*

In connection with another case that involved the same two parties, the Court became aware of a Letter Agreement between the parties. The Letter Agreement, dated May 1, 2003, is from Defendant to Plaintiff and Dal–Tile, the company that acquired the assets of Plaintiff. In the Letter Agreement, Defendant states that upon receipt of certain payments by Dal–Tile, "all of the Obligations shall be terminated and satisfied in full." (Levin Decl. Ex. C.) "Obligations" has the meaning given to it in the "Financing Agreements." (*Id.* at 142.) "Financing Agreements" means the Loan Agreement and "other documents and agreements related thereto." (*Id.*) Thus, by the plain terms of the Letter Agreement, any Obligations referenced in the Loan Agreement were termi-

nated and satisfied in full by the Letter Agreement.

Because Defendant seeks attorneys' fees under the Loan Agreement, the Court sought further briefing of how the Letter Agreement, which appears to terminate Plaintiff's obligations under the Loan Agreement (which, according to the Loan Agreement's definitions, would include the attorneys' fees provision), affected Defendant's ability to enforce the attorneys' fees provision of the Loan Agreement.

Defendant's motion prays (1) that Defendant be declared the prevailing party; (2) that Defendant be awarded costs under Rule 54 as the prevailing party; and (3) that Defendant be awarded attorneys' fees pursuant to a provision in the Loan Agreement.

## III. PREVAILING PARTY STATUS

Defendant wishes to be declared the prevailing party. Federal Rule of Civil Procedure 54 ("Rule 54") says that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the **prevailing party** unless the court otherwise directs . . . ." Fed.R.Civ.P. 54(d)(1) (emphasis added). As detailed below, the Court deems Defendant the prevailing party.

### A. Local Rule

■ Local Rule 54–2.4 requires that "[u]pon request for good cause shown, the Court shall determine the prevailing party when the case is voluntarily dismissed or otherwise voluntarily terminated." C.D. Cal. Loc. R. 54–2.4. While not totally clear from the language of the Local Rule, presumably the Court can determine that neither party prevailed. Cf. Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 206 (9th Cir. 1997) (Ninth Circuit disagreed with district court's finding that neither party prevailed but did not indicate any problem with the finding as a matter of procedure).

### B. Should Defendant Be Considered "Prevailing Party" Based on Plaintiff's Voluntary Dismissal Without Prejudice?

■ A plaintiff may voluntarily dismiss an action before an answer or summary judgment motion has been filed. Fed.R.Civ.P. 41(a)(1). Unless the plaintiff specifies that the dismissal is *with* prejudice, the dismissal is treated as being without prejudice. *Id.* In this case, Plaintiff did not specify; thus, the dismissal was without prejudice. The most significant difference between dismissals with or without prejudice is that a dismissal without prejudice allows the plaintiff to file its case again (though only once more). *See Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001); Fed.R.Civ.P. 41(a)(1). Plaintiff has re-filed its case in state court, dropping the federal causes of action. The question presented here is whether a voluntary dismissal *without* prejudice confers prevailing party status on a defendant.

In the Ninth Circuit, a voluntary dismissal *with* prejudice was held "sufficient to confer prevailing party status on the . . . defendants for those claims." *Zenith,* 108 F.3d at 207; *see also Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 889 (9th Cir.2000) ("Our circuit has similarly held that a voluntary dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for purposes of attorneys' fees awards"). Authoritative treatises state that upon a plaintiff's voluntary dismissal, with or without prejudice, the defendant is typically considered the prevailing party. *See* William W. Schwarzer et al. *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 16:391.5 (2006) (upon voluntary dismissal, either with or without prejudice, "[d]efen-

dant is regarded as 'prevailing party' within the meaning of Rule 54(d) ..."); 10 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 2667 (3d ed.1998) ("a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party").

The Court was unable to find, and neither party cited, any Ninth Circuit cases which address the meaning of "prevailing party" for purposes of awarding costs under Rule 54 when the voluntary dismissal is *without* prejudice and on facts similar to the ones at hand. For example, one Ninth Circuit case cited by Defendant involved the interpretation of "prevailing party" under an Arizona statute. In this Arizona case, the damages claims, which were of secondary importance, were voluntarily dismissed (the court does not indicate whether the dismissal was with or without prejudice) after denial of preliminary injunction. *All Am. Distrib. Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir.1984). While denial of a preliminary injunction is not a dispositive ruling on the merits, it represents a considerably more definite statement regarding the merits than the Court made in this case, in which the Court generally indicated that the pleadings were insufficient, without specifying which claims were being dismissed (this was because Plaintiff's counsel indicated it would re-plead the entire complaint). Also, even assuming that the damages claims were dismissed without prejudice in the Arizona case, *All American* was based on interpretation of Arizona case law that indicated a court should look at "the totality of the litigation." *Id.* Thus, it is not binding precedent for this case.

A Ninth Circuit case interpreting "prevailing party" within the meaning of the Copyright Act (the court "may award to the prevailing party a reasonable attorney's fee as part of the costs," 17 U.S.C. § 40) held that defendant was a prevailing party within the statute when plaintiff opted to dismiss the case without prejudice rather than file a new complaint after suffering a dismissal with leave to amend—essentially the facts of this case. *Corcoran v. Columbia Broad., System, Inc.*, 121 F.2d 575 (9th Cir.1941). As the Ninth Circuit strongly put it:

> The authority given is not in terms limited to the allowance of fees to a party who prevails only after a trial on the merits. Where, as here, a defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party within the spirit and intent of the statute even though he may, at the whim of the plaintiff, again be sued on the same cause of action.

*Id.* at 576. While, like *All American, supra, Corcoran* is not binding (because it is an interpretation of the Copyright Act), the facts of *Corcoran* are sufficiently similar that the reasoning has strong persuasive value. This Court identified one case in which a court did not deem it appropriate to consider a defendant the prevailing party when the case had been dismissed without prejudice. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037–38 (8th Cir. 2001). However, that court approved the district court's award of costs to the defendant under its inherent authority, notwithstanding that the defendant was not formally considered the prevailing party (thus achieving the same practical result as if the defendant had been declared the prevailing party). *See id.* Thus, no real split of authority exists.

In this case, the Court deems it equitable to consider Defendant the prevailing party. While the Court did not specifically rule on each claim in the motion to dismiss,

the Court was quite displeased with the state of the SAC, referring to it "woefully inadequate" and raising the specter Rule 11 sanctions because of some of the claims made.[1] Plaintiff's main argument for why Defendant should not be considered the prevailing party is that Defendant did not "scare Plaintiff off" from filing an amended complaint. According to Plaintiff, it opted out of filing the amended complaint in order to resolve the standing issue, and since the September hearing it has discovered ample evidence to merit a new complaint. Even assuming the basic truth of these statements, it does not follow that Defendant should not be considered the prevailing party for purposes of the case at issue right now. Plaintiff filed a "woefully inadequate" complaint and apparently did not consider that it might not even have the right to pursue these claims against Defendant (because of the prior asset sale) before filing the complaint. The Court is persuaded by the Ninth Circuit's reasoning in *Corcoran:* Plaintiff's complaint caused Defendant to expend considerable resources on its motion to dismiss and on discovery. Regardless of why Plaintiff did not file an amended complaint, under these circumstances, Defendant should be considered the prevailing party.[2]

## IV. AWARDING COSTS

 "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed.R.Civ.P. 54(d)(1). No statute or federal rule precludes awarding costs to Defendant as the prevailing party. The presumption is for costs to be awarded to the prevailing party. *Ass'n of Mexican–Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (en banc). If the Court declines to award costs, the Court must state the reasons for its ruling.[3] *Id.* Here, the Court awards costs to Defendant, the prevailing party.

The Ninth Circuit has upheld a district court's discretionary decision not to award costs for various reasons, including (1) the Plaintiff's financial limitations; (2) a public policy concern about chilling certain types of litigation; and (3) misconduct by the prevailing party. *Id.* at 591–93. Plaintiff argues that, if Defendant is considered the prevailing party, costs should not be awarded against it because Defendant failed to comply with Local Rule 7–3 [4]

---

1. Defendant argues that the Court also held that certain releases entered into by the parties barred most, if not all, of Plaintiff's claims. While the Court indicated it was inclined to so find, the Court's minute order dismissing the SAC indicated that the parties should brief that issue. Therefore, it cannot fairly be said that the Court made a finding on that issue.

2. Plaintiff spends considerable time informing the Court of incriminating documents discovery has produced, apparently to make the point that its suit was not frivolous and that Defendant actually is a bad actor. Even taking all of this as true, Plaintiff's argument misses the point: calling Defendant a "prevailing party" does not indicate that Defendant prevailed on the merits; rather, it indi-

cates that Defendant prevailed by achieving dismissal of a complaint that did not come close to passing muster. This motion for costs and fees is not an appropriate forum for litigating the merits of the case.

3. Defendant cites cases that are no longer good law for the proposition that the Court *must* award costs absent a finding that Defendant has acted improperly. *See Ass'n of Mexican–Am. Educators v. California,* 231 F.3d 572, 591–93 (9th Cir.2000) (en banc).

4. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . ." C.D. Cal. Loc. R. 7–3.

("meet and confer"). According to Plaintiff, Defendant did not notify Plaintiff of the motion until the last day Defendant could meet and confer before filing this motion. One of Plaintiff's attorneys was out of town. While Plaintiff asked Defendant to put off filing the motion until the parties could properly meet and confer, Defendant refused. Defendant's behavior may fall on the wrong side of the spirit of the Local Rule, but not the letter. The Court grants costs to Defendant.

## V. AWARDING ATTORNEYS' FEES

 Awards of attorneys' fees are determined by state law. *Berkla v. Corel Corp.*, 302 F.3d 909, 919 n. 11 (9th Cir. 2002). In California, the presumption is the "American rule," in which each side pays its own attorneys' fees, but parties may contract for fee-shifting—for example, by awarding fees to one party in all cases, or by awarding fees to the prevailing party. *Santisas v. Goodin*, 17 Cal.4th 599, 614, 71 Cal.Rptr.2d 830, 951 P.2d 399 (1998). However, if a contract does have an attorneys' fee provision then, regardless of the content of that provision, attorneys' fees for contract claims must, by statute, go to the "prevailing party" (as defined by the statute). Cal. Civ.Code § 1717(a). Section 1717 defines "prevailing party" differently than "prevailing party" has been interpreted for purposes of Rule 54.[5]

The Loan Agreement entered into between Plaintiff and Defendant contains a section providing that, among other things, attorneys' fees incurred by Defendant to enforce or defend the Loan Agreement will be paid by Plaintiff. Relying on this contract provision, Defendant is seeking roughly $600,000 in attorneys' fees. Plaintiff argues that the contract provision does not cover suits between the borrower and lender:

> The intent of the contract language cited by Congress is to make sure that the lender can get reimbursed by the borrower if it has to defend an action that either (a) the borrower failed to defend against and would impair the security or (b) the lender is sued by some third party and has to defend. It was not, even by its terms, intended to apply where there was a dispute between the borrower and lender—it is more of an indemnity type of provision.

(Pl. Opp. at 8:8–13.) In pertinent part, the Loan Agreement provision provides:

> Borrower shall pay to Lender on demand all costs, expenses, filing fees and taxes paid or payable in connection with the preparation, negotiation, execution, delivery, recording, administration, liquidation, **enforcement and defense** of the Obligations, Lender's rights in the Collateral, **this Agreement**, the other Financing Agreements ... including: ... (e) costs and expenses paid or incurred in connection with obtaining payment of the Obligations ... and otherwise **enforcing the provisions of this Agreement and the other Financing Agreements or defending any claims made or threatened against Lender arising out of the transactions contemplated hereby and thereby** ... and (g) the **reasonable and properly accounted for fees and disbursements of counsel** (including legal assistants) to Lender in connection with any of the foregoing.

---

5. The Defendant accuses the Plaintiff of "schizophrenia" for asserting that Defendant may be the prevailing party under Rule 54 but not under § 1717. However, in the leading California Supreme Court case on application of § 1717 to a case that was voluntarily dismissed and had both tort and contract claims, the California Supreme Court held that the defendant was a prevailing party under the State procedural rule that allows for recovery of costs (similar to Federal Rule 54), but not a prevailing party for purposes of § 1717. *See Santisas v. Goodin*, 17 Cal.4th 599, 71 Cal. Rptr.2d 830, 951 P.2d 399 (1998).

(SAC Ex. A at § 9.20 (emphases added).) This fees provision is about as broad as one can imagine and encompasses all of Plaintiff's claims against. Defendant: all of Plaintiff's claims can be said to question Defendants rights under the Loan Agreement or to arise out of transactions contemplated by the Loan Agreement. Thus, Defendant correctly asserts that all claims fall within the fee provision of the Loan Agreement. Plaintiff's contention that the Loan Agreement provision did not contemplate a suit between the borrower and lender is simply not supported by the language of the Loan Agreement. As detailed below, this provision of the Loan Agreement allows Defendant to recover all attorneys' fees because (1) despite the § 1717 bar to recovery of attorneys' fees for contract causes of action under these circumstances, the non-contractual and contractual causes of action are sufficiently intertwined that Defendant need not separate out its hours expended on the contract causes of action from its other hours expended on this case; and (2) the Court finds that the Letter Agreement, purporting to extinguish Plaintiff's Loan Agreement obligations to Defendant, does not bar Defendant from enforcing the fees provision of the Loan Agreement, as Plaintiff has repudiated the Letter Agreement.

Despite the fees provision, Defendant cannot recover fees that relate to the contractual causes of action (as opposed to those based on tort or statutory law), as Defendant is not the prevailing party under § 1717. Under § 1717 of the California Civil Code, if the parties have contract-

ed to avoid the American rule of each party paying his own attorneys' fees, the fees incurred with respect to contract claims may only be awarded to the "prevailing party":

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ.Code § 1717. Under § 1717, "[w]here an action has been voluntarily dismissed ... there shall be no prevailing party ...." Cal. Civ.Code § 1717(b)(2). Because this case was voluntarily dismissed, Defendant cannot be considered the prevailing party under § 1717 and therefore cannot be awarded fees pursuant to the letter of § 1717 on the contract claims:

> When a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, even though the contract on its own terms authorizes recovery of those fees.

*Santisas v. Goodin,* 17 Cal.4th 599, 617, 71 Cal.Rptr.2d 830, 951 P.2d 399 (1998).[6]

---

**6.** Plaintiff's argument that *Santisas* is inapplicable to this case is unavailing. The interpretation of § 1717 in *Santisas* was not dependent on the specific language of the contractual provision in *Santisas* and the fact that the *Santisas* court looked to a California procedural provision for help in interpreting the meaning of the California law is

neither her nor there—were this Court interpreting a California law, it, too, might legitimately look to a relevant California procedural provision to aid its interpretation of the substantive California law. Finally, the fact that the *Santisas* court was a state court makes the interpretation more persuasive, not less—after all, state courts are consid-

Any fees incurred with respect to non-contract claims, however, are unaffected by § 1717. *Id.*

██ In this case, the Court need not apportion the fees among the contract and non-contract claims.[7] "Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 129–30, 158 Cal.Rptr. 1, 599 P.2d 83 (1979). All of the claims in the SAC arose from the same factual theory: essentially, that Defendant used its power over Plaintiff to create such onerous financial conditions that Plaintiff was forced into liquidation. The breach of contract claim alleged that Defendant breached the contract by failing to act in good faith and engage in fair dealing. The promissory estoppel claim alleged that Defendant induced Plaintiff to rely on its representations that Defendant intended to help Plaintiff stabilize its operations, but in fact Defendant induced Plaintiff to hire an auditor and financial consultant who worked against Plaintiff's interests, pushing Plaintiff into liquidation. The fraudulent inducement claim alleged that Defendant fraudulently induced Plaintiff to enter into the Loan Agreement. With the exception of the promissory estoppel claim, none of the claims are listed with specific facts; instead, the entire complaint is incorporated into every cause of action. These contract causes of action are inextricably linked to the other causes of action and need not be separated for attorneys' fees purposes.

██ *The Effect of the Letter Agreement.* The question remains, however, whether the Letter Agreement abrogated the Loan Agreement such that the attorneys' fees clause should not be enforced in favor of Defendant. The Letter Agreement extinguished all of Plaintiff's obligations to Defendant and also extinguished all of Plaintiff's accrued causes of action against Defendant. Because the fees provision is among the obligations Plaintiff owed to Defendant under the Loan Agreement, the plain language of the Letter Agreement is such that, on its face, the Letter Agreement should preclude the enforcement of fees/costs provision of the Loan Agreement.

Defendant advances three arguments for why the Letter Agreement does not preclude the enforcement of the fees provision of the Loan Agreement: (1) because Plaintiff would have been able to collect fees under § 1717 if it had prevailed, Defendant must also be allowed to collect fees; (2) Plaintiff may not take advantage of the Letter Agreement because it has repudiated the Letter Agreement; and (3) the indemnity section of the Loan Agreement survives the Letter Agreement. The Court finds that Plaintiff may not take advantage of the Letter Agreement because, by filing the instant suit (and the similar state suit), Plaintiff has repudiated the Letter Agreement and may not now seek its protection. Accordingly, the Court need not address Defendant's other arguments.

Plaintiff may not use the Letter Agreement as a shield when Plaintiff has essentially repudiated the Letter Agreement by this very litigation. As a California court said many years ago, "[i]t is elementary that one party cannot compel another to

---

ered better suited to interpreting state law than are the federal courts.

**7.** Defendant claims there is only one contract claim; the Court counts a little differently—

for example, promissory estoppel and fraudulent inducement should also be considered contract claims.

perform while he himself is in default under the contract." *Rathbun v. Security Mfg. Co.,* 82 Cal.App. 793, 796, 256 P. 296 (1927). In a more recent case, the Ninth Circuit, relying on California contract law, refused to enforce an arbitration agreement because the employer appeared to be in material breach of that arbitration agreement, having first refused to arbitrate the dispute. *Brown v. Dillard's, Inc.,* 430 F.3d 1004, 1010 (9th Cir.2005). The Ninth Circuit stated that "[a] bedrock principle of California contract law is that 'he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.'" *Id.* (quoting *Pry Corp. of Am. v. Leach,* 177 Cal.App.2d 632, 2 Cal.Rptr. 425 (1960)).

The Letter Agreement not only extinguished Plaintiff's obligations to Defendant; it also released Defendant from any claims Plaintiff had against Defendant that arose out of the Loan Agreement:

> Borrower [Plaintiff] releases, discharges, and acquits Lender ... from any and all claims, rights, demands, injuries, debts, damages, liabilities, omissions, accounts, contracts, agreements, actions, and causes of action, whether at law or in equity, and whether based on contract, tort, or otherwise, known or unknown, suspected or unsuspected, of every kind and nature, which Borrower ... at any time had, now [has], or hereafter can or may have against [Lender], in any way arising from or related to the Financing Agreements and the transactions thereunder.

(Levin Decl. Ex. C at 46.) This release is exceptionally broad and clearly covers all of the causes of action brought by Plaintiff in the SAC. By bringing this case, therefore, Plaintiff refuted the validity of the Letter Agreement and is in material breach of the Letter Agreement.

 Plaintiff argues that the Court should selectively apply the Letter Agreement, just as Plaintiff is selectively refuting the validity of the Letter Agreement— that is, Plaintiff seeks to rescind only the portions that are disadvantageous to it (such as the provision that releases Defendant from Plaintiff's claims), while keeping in place those provisions that Plaintiff does not argue were coerced (such as the provision extinguishing Plaintiff's obligations to Defendant). "The settled rule is that one who would rescind for fraud or other reason cannot cling to the portion of the deal he deems favorable and reject the balance. He must rescind the contract as a whole or not at all." *Hayutin v. Weintraub,* 207 Cal.App.2d 497, 509–10, 24 Cal.Rptr. 761 (1962). "The theory underlying such a rule is that retention of only the benefits of the transaction amounts to unjust enrichment and binds the parties to a contract which they did not contemplate." *Simmons v. Cal. Inst. of Tech.,* 34 Cal.2d 264, 275, 209 P.2d 581 (1949); *see also* 1 Witkin *Summary of California Law* § 934 (10th ed.2005). However, where the contract is severable, an exception to this general rule may allow rescission of only part of the contract. *Simmons,* 34 Cal.2d at 275, 209 P.2d 581. A contract may be severable if the consideration is "apportioned," rather than "single." *Id.* Plaintiff does not make a persuasive argument for why the Letter Agreement would be considered severable. This is not a situation in which, for example, in exchange for thing A, Defendant would do B; and then a month later in exchange for thing C, Defendant would do D. The Letter Agreement can in no way be read to have severable parts. Thus, Plaintiff cannot selectively rescind or refute the Letter Agreement. Plaintiff must choose all or nothing, and Plaintiff has obviously chosen nothing. Plaintiff has refuted the validity of the Letter Agreement by bringing this suit (and the suit in state court)

and cannot seek protection from the Loan Agreement by means of the Letter Agreement. Accordingly, for the reasons stated above, Defendants are awarded attorneys' fees under the Loan Agreement.

## VI. CONCLUSION

The Court GRANTS Defendant's request to be named the prevailing party under Rule 54; GRANTS Defendant's request for costs; and GRANTS Defendant's request for attorneys' fees. Defendant is ORDERED to file a full accounting of its costs and fees by Monday, August 21, 2006. If Plaintiff opposes Defendant's accounting, Plaintiff must file its opposition by Tuesday, September 5, 2006; and Defendant must file its reply by Monday, September 11, 2006. A hearing will be held on Monday, September 18, 2006 at 1:30 p.m.

IT SO ORDERED.