No. 81-64

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ROBERT BARTMESS,

       Plaintiff and Appellant,

  -vs-

RITA BOURASSA,

       Defendant and Respondent.

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead, The Honorable
Frank Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        John C. Doubek, Helena, Montana

    For Respondent:

        Burns, Dwyer & Chaffin, Dillon, Montana

Submitted on Briefs:  July 9, 1981

Decided:  January 14, 1982

Filed: JAN 14 1982

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

On August 22, 1980, the appellant filed a petition in Beaverhead County District Court to fix attorney's fees in regard to a sale of the respondent's real property under the terms of a mortgage and promissory note. The respondent's answer alleged that the mortgage and note were void because they had been obtained by fraud and because no consideration had been given. Prior to the hearing, the District Court granted summary judgment in favor of the respondent, declaring the mortgage and note void for lack of consideration.

We affirm the District Court's judgment. Because we hold that there was an unenforceable contract due to a lack of consideration, we do not reach the appellant's other arguments as they depend upon the existence of an enforceable contract.

The respondent, Rita Bourassa, is a 64-year old widow with a yearly income of approximately $3,300 from her parttime job at the Parisian Cleaners in Dillon, Montana. Her 41-year old son, James Bourassa, was arrested in May 1979 in Lewis and Clark County for the felony theft of $36,000 from the appellant, Robert Bartmess, in a scheme for the resale of some allegedly stolen silver dollars. The respondent contends that she received a telephone call from her son on May 16, 1979, in which he told her that he was in jail and needed a $35,000 bail bond. She agreed to mortgage her home for the bail bond, and later that same day met with her son's attorney, Lloyd Skedd, who chartered a plane from Helena to Dillon in order to meet with her. She then executed a 90-day promissory note for $36,000 in favor of the appellant and secured the note with a mortgage on her home, although she contends that she believed these documents were solely

-2-

for the purpose of providing her son with a bail bond. According to her testimony, Skedd did not explain the mortgage or note to her, she was unaware of the appellant's involvement and had neither met the appellant nor discussed the mortgage with him. She stated that she was upset after discovering that her son had been arrested, and that as a result, her mind wasn't working as well as it should have been.

The appellant's deposition testimony reveals that he had never met the respondent or discussed the mortgage with her, and in fact, that the mortgage and note came as a surprise to him. The mortgage and note were apparently drawn up by Charles Gravely, the Lewis and Clark County Attorney, and Skedd. It appears from the appellant's testimony that he did not understand what these lawyers were doing after he filed his complaint against James Bourassa. The appellant testified that Gravely gave him the mortgage and note and explained how to have the mortgage recorded, and that after Gravely requested a check for the recording fee, the appellant wrote him one. He also stated that he didn't give anything to the respondent in exchange for her mortgage and note, and didn't know that he was supposed to have furnished anything in exchange.

When the 90-day note became delinquent, the appellant notified the respondent of the default and then filed a petition for attorney's fees with respect to the sale of the mortgaged real property. The respondent contacted her own attorney who subsequently discovered that James Bourassa had been released from jail on his own recognizance and that the purpose of the mortgage and note was not that of a bail bond. She then rescinded them and moved the District Court for summary judgment, contending that they were void ab

-3-

initio because they had been obtained by fraud and without consideration. The District Court agreed with these arguments and granted summary judgment in her favor. The appellant seeks to have the summary judgment reversed.

The rule that consideration is essential to the enforcement of a simple contract is so thoroughly settled that it is one of the elementary principles of contract law. Section 28-2-102(4), MCA; Wilson v. Blair (1922), 65 Mont. 155, 211 P. 289. Although a written instrument is presumptive evidence of consideration, that presumption is rebuttable. Section 28-2-804, MCA; Gerard v. Sanner (1940), 110 Mont. 71, 103 P.2d 314. That presumption has been sufficiently rebutted here by the appellant's own testimony that he did not furnish any consideration for the mortgage and note. The appellant suffered no greater prejudice than that which he was already lawfully bound to suffer. There is no enforceable contract between the parties, and therefore, no material issue of fact exists.

We also award the respondent a reasonable attorney's fee. The mortgage sought to be foreclosed did expressly provide that the mortgagee was entitled to a reasonable attorney's fee in the event he brought an action to foreclose the mortgage. Section 28-3-704, MCA, provides a reciprocal right to attorney's fees to all parties to the contract in any action on the contract. See, e.g., Compton v. Alcorn (1976), 171 Mont. 230, 235-36, 557 P.2d 292, 296.

We therefore affirm the District Court's judgment and order the District Court to award the respondent a reasonable attorney's fee for the trial of this cause and for handling the appeal.

_Daniel J. Shea_
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices