**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GOLDEN PISCES, INC., an Oregon
business corporation; ONEBEACON
AMERICA INSURANCE COMPANY, a
Massachusetts insurance company,
            *Plaintiffs-Appellants,*

            v.

FRED WAHL MARINE CONSTRUCTION,
INC.,

            *Defendant-Appellee.*

No. 05-35477

D.C. No.
CV-04-06064-TMC

OPINION

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted* March 6, 2007
Portland, Oregon

Filed July 24, 2007

Before: Ronald M. Gould, Richard A. Paez, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Paez

———————

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Dennis M. Moran, Seattle, Washington, for the appellants.

Daniel F. Knox and Mario J. Madden, Portland, Oregon, for the appellee.

**OPINION**

PAEZ, Circuit Judge:

Golden Pisces, Inc. ("Golden Pisces") and OneBeacon America Insurance Group ("OneBeacon") appeal the district court order denying their motion for attorneys' fees following their successful suit for breach of contract against Fred Wahl Marine Construction, Inc. ("Fred Wahl"). Under the American Rule, which applies in federal litigation, including maritime litigation, Golden Pisces and OneBeacon are not entitled to attorneys' fees absent statutory authorization, an enforceable contractual provision, or an equitable exception to the rule. *F.D. Rich Co. v. Indus. Lumber Co.*, 417 U.S. 116, 126, 129-30 (1974). Because no statute authorizes attorneys' fees for this maritime cause of action, because the parties' contract was void, and because no recognized equitable exception applies, we affirm the district court's order denying attorneys' fees.

I.

Golden Pisces owns the F/V Golden Pisces, which at the time this action arose was based in Newport, Oregon. In the fall of 2001, Golden Pisces and Fred Wahl, a shipyard in Reedsport, Oregon, entered into an oral agreement whereby Fred Wahl would make repairs on the F/V Golden Pisces, with Golden Pisces paying standard shipyard rates and costs for work performed. After the parties entered into the oral agreement, Fred Wahl presented the F/V Golden Pisces' captain with a form contract that purported to limit Fred Wahl's liability through a warranty disclaimer. The form contract also contained a clause providing for attorneys' fees in favor of the prevailing party "[i]n any litigation to enforce or interpret this agreement." Although the captain signed the form contract, it was never signed by the ship's manager; nor was it signed by a representative of Fred Wahl.

Fred Wahl completed the repairs in December 2001. The F/V Golden Pisces departed for Alaska for the "A" cod fishing season at the beginning of January, 2002. In February, in the midst of fishing operations, the F/V Golden Pisces suffered problems due to misalignment of the propeller shaft that Fred Wahl had installed. It returned to the fishing grounds after undergoing repairs in Dutch Harbor, Alaska, only to break down again at the beginning of March. It was towed back to Dutch Harbor and missed the remainder of the fishing season. Golden Pisces' insurer, OneBeacon, paid $114,583 in repairs.

Golden Pisces and OneBeacon brought suit against Fred Wahl in district court, alleging negligence, breach of contract, breach of warranty, and breach of the implied warranty of workmanlike performance, and claiming consequential losses and lost profits. Fred Wahl raised the affirmative defenses that Golden Pisces was comparatively negligent; that Golden Pisces "impliedly warranted [the] suitability" of a propeller it provided to Fred Wahl for installation; that the owner accepted the repairs following sea trials; and that the work order and attached form contract created an enforceable agreement so as to disclaim Fred Wahl of any liability for "all consequential, indirect or special damages," pursuant to the terms of the contractual warranty disclaimer. Fred Wahl also counterclaimed for unpaid repair bills. The parties stipulated to several facts but disputed whether Golden Pisces was comparatively negligent and whether the terms of the form contract controlled.

After a trial, the district court found for Golden Pisces and OneBeacon on the issue of liability. It further found "that there was no written contract between the parties which would operate to limit plaintiffs' remedies against defendant." The court concluded that the work order and form contract did not create an enforceable contract:

> The document fails to set forth essential terms of the agreement, such as a complete description of the

> work to be performed, the amount to be charged for the repair work and the payment terms. The document further contains an integration clause which precluded referencing prior or subsequent oral agreements to supply the missing terms . . . . [T]here are no written modifications. The document is not even signed by a representative of Wahl.

The court thus held that the terms of the parties' oral agreement—which did not include an implied warranty disclaimer or an attorneys' fees provision—controlled. The court awarded Golden Pisces $25,000 for damage to the vessel and $315,000 in lost profits and awarded OneBeacon $114,583. It awarded Fred Wahl $36,412.24 on its counterclaim against Golden Pisces for outstanding bills.

Golden Pisces and OneBeacon then moved for attorneys' fees and costs. Because no federal statute provides for attorneys' fees in suits arising in admiralty, Golden Pisces and OneBeacon invoked the following provision from the form contract on which Fred Wahl had unsuccessfully relied in defending against the complaint:

> In any litigation to enforce or interpret this agreement, the losing party agrees to pay the prevailing party's reasonable attorney fees including costs of depositions and experts.

The district court granted Golden Pisces and OneBeacon's motion for costs but denied the motion for attorneys' fees, holding "there was no written contract between the parties" and that consequently "the purported attorney fees clause was null and void, and not enforceable against either party in this action, regardless of the outcome. *See, e.g., Perry v. O'Donnell*, 759 F.2d 702 (9th Cir. 1985)."

Golden Pisces and OneBeacon timely appealed.

## II.

The district court had original jurisdiction over this maritime action pursuant to 28 U.S.C. § 1333; our appellate jurisdiction arises under 28 U.S.C. § 1291. We review de novo conclusions of law, including interpretations of the American Rule, by a district court sitting in admiralty. *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002); Perry, 759 F.2d at 704. When the district court correctly interprets the American Rule, however, we review its decision whether to award or deny attorneys' fees for abuse of discretion. *Perry*, 759 F.2d at 704.

## III.

**[1]** Because Golden Pisces and OneBeacon's breach-of-contract claim arose in admiralty, federal law governs this appeal. *See Royal Ins. Co. of Am. v. Pier 39 Ltd.*, 738 F.2d 1035, 1036 (9th Cir. 1984). In federal litigation, the American Rule generally precludes an award of attorneys' fees absent statutory authorization or an enforceable contractual fees provision. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *see also F.D. Rich Co.*, 417 U.S. at 126; *Perry*, 759 F.2d at 704. However, federal courts have created a limited set of equitable exceptions to the American Rule and will award attorneys' fees even in the absence of an applicable statutory or contractual provision when, for example, the losing party acted in bad faith or willfully disobeyed a court order. *See Alyeska*, 421 U.S. at 258-59. "These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations." *Id.* at 259.[1]

---

[1]*See also Reiser v. Del Monte Props. Co.*, 605 F.2d 1135, 1137 (9th Cir. 1979) (recognizing " 'common benefit' " exception); *Perry*, 759 F.2d at 704 (interpreting Alyeska as allowing three equitable exceptions to the American rule: "(1) when a litigant preserves or recovers a fund for the benefit of others; (2) when a losing party acts in bad faith; or (3) in a contempt action for willful disobedience of a court order").

Golden Pisces and OneBeacon do not argue that a statute or enforceable contract authorizes an attorneys' fees award here. Nor do they argue that a previously recognized equitable exception to the American Rule applies in this set of circumstances. Instead, Golden Pisces and OneBeacon ask this court to recognize a new equitable exception to the American Rule by announcing a "uniform maritime rule" of "true reciprocity of contractual attorney fees provisions" so as to enforce a contractual attorneys' fees provision in favor of a party who prevailed in a breach of contract action by showing that the underlying contract was void. Golden Pisces and OneBeacon have not pointed us to a single federal or state court decision that so held in the absence of a governing reciprocity statute; nor have they demonstrated the existence of a compelling policy rationale to create this new exception.[2] We therefore decline their invitation and affirm the district court's denial of fees.

## A.

When "there is no effective manifestation of assent[, there is] no contract at all." Restatement (Second) of Contracts § 163 cmt. a (1979). Here, the district court found that the parties had not mutually assented to the terms of the form contract. Without mutual assent, the parties' written contract was therefore void. *See* Restatement (Second) of Contracts § 7 cmt. a (1981) (defining void contract as "[a] promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor" and explaining that "such a promise is not a contract at all.").

[2] Consistent with this understanding that a void contract is "not a contract at all," in applying the American Rule fed-

---

[2]*Cf. Reiser*, 605 F.2d at 1137 ("[E]xceptions to the rule have developed based upon the equitable powers of the courts to award attorneys' fees when overriding considerations of justice seemed to compel such a result." (citations and internal quotation marks omitted)).

eral courts have distinguished between contracts that are void as opposed to divisible or voidable. In a diversity case applying Indiana law, for example, the Seventh Circuit enforced an attorneys' fees provision in an employment contract in favor of the moving party, who had prevailed on her defense that the non-competition provision in the same contract was void as to her. *See Osler Inst., Inc. v. Forde*, 386 F.3d 816, 818 (7th Cir. 2004).[3] Crucial to the Seventh Circuit's holding was the severability of the non-competition clause. *See id.* Because the non-competition clause was not the "essential purpose" of the contract, the remaining provisions, including that providing for attorneys' fees, survived. *Id.* at 819. In *Aetna Casualty and Surety Co. v. L.K. Comstock & Co., Inc.*, 684 F.2d 1267 (9th Cir. 1982), we invalidated an indemnity agreement that was prohibited under Nevada law. *See id.* at 1272. We enforced an attorneys' fees provision in the parties' contract, however, because enforcing that provision would "not result in an indirect payment of damages to the employee," the result that Nevada law condemned. *Id.* at 1272 n.9; *see also Oral Roberts Univ. v. Anderson*, 11 F. Supp. 2d 1336, 1339 (N.D. Okla. 1997) (enforcing attorneys' fees provision in favor of party who prevailed by showing that option contract had expired). Analogously, the district court in *International Marble and Granite of Colorado, Inc. v. Congress Financial Corporation*, 465 F. Supp. 2d 993 (C.D. Cal. 2006), held that a party who successfully repudiated a subsequent agreement, such that the terms of the first agreement controlled, could not bar the opposing party from enforcing the attorneys' fees provision in the earlier contract. *Id.* at 1002, 1004.[4]

---

[3]Indiana adheres to the American Rule. *Id.*

[4]*See also Johnson Enters. of Jacksonville v. FPL Group, Inc.*, 162 F.3d 1290, 1313 (11th Cir. 1998) (holding that attorneys' fees provision did not constitute consideration when it "would impose a cost on JEJ only if JEJ breached another provision of the contract. Because JEJ had no obligations under the contract, it would be impossible for JEJ to be in breach . . . . [and its] commitment to pay attorneys' fees is illusory"). The court ultimately awarded the opposing party attorneys' fees when the fees provision from the void contract "was incorporated into [the parties'] subsequent contracts." *Id.* at 1329 n.87.

**[3]** State courts have similarly distinguished between contracts that are void as opposed to divisible or voidable in deciding whether to enforce an attorneys' fees provision. In *Grease Monkey International, Inc. v. Godat*, 916 S.W.2d 257 (Mo. Ct. App. 1995), for example, the Missouri Court of Appeals affirmed an attorneys' fees award pursuant to a provision from a divisible contract in favor of the party who prevailed by showing that a sales provision in the same contract was unenforceable. *See id.* at 261-62. First explaining that "[s]everable or divisible contracts are, in legal effect, independent agreements about different subjects though made at the same time," *id.* at 261, the court enforced the attorneys' fees agreement because the "sales agreement in no way depended upon the litigation clause . . . . [which] stated the prevailing party would be reimbursed in the event of 'any litigation' between the parties," *id.* at 262. In *Williams v. Coe*, 417 So. 2d 426 (La. Ct. App. 1982), in contrast, the Louisiana Court of Appeal refused to enforce a contractual attorneys' fees provision in a sales contract when the entire contract was null and void. *See id.* at 433 ("[S]ince we have determined the contract became null and void, the contractual basis for the award of attorney fees ceased to exist." (citations omitted)).

The Nevada Supreme Court similarly distinguished between a void contract and a rescinded contract in *Mackintosh v. California Federal Savings and Loan Association*, 935 P.2d 1154 (Nev. 1997), and enforced an attorneys' fees provision in favor of the party who prevailed by showing that the contract at issue was rescinded. *Id.* at 1162 (citing *Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989)). In *Katz*, the Florida Supreme Court likewise enforced an attorney fees' provision in a rescinded contract, holding that:

> the distinction between no contract at all and one that is unenforceable makes all the difference . . . . [because t]he legal fictions which accompany a judgment of rescission do not change the fact that a contract *did exist*. It would be unjust to preclude the

> prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by the contract.

546 So. 2d at 1049 (alteration omitted) (emphasis added); *see also Norwood v. Serv. Dist., Inc.*, 994 P.2d 25, 36 (Mont. 2000) (citing *Mackintosh*, 936 P.2d at 1162)).

**[4]** The principle that emerges from our survey of federal and state case law is that, consistent with the American Rule, a party who prevails by demonstrating that a contract is entirely void, as opposed to divisible, voidable, or rescindable, cannot then seek the benefit of an attorneys' fees provision from that contract. Applying this principle here, we find no reason to create a new equitable exception to the American Rule so as to enforce the attorneys' fees clause from the written form contract that Golden Pisces and OneBeacon successfully argued was void for lack of mutual assent.

### B.

**[5]** Golden Pisces and OneBeacon unavailingly rely on a series of state cases that apply state reciprocity statutes so as to enforce attorneys' fees provisions, regardless of the underlying contract's validity. In *Hsu v. Abbara*, 891 P.2d 804 (Cal. 1995), for example, the California Supreme Court held that California Civil Code section 1717 "appl[ies] in favor of the party prevailing on a contract claim whenever that party would have been liable under the contract for attorney fees had the other party prevailed." *Id.* at 809. The state court rejected Hsu's argument that Abbara, who had successfully defended by showing that no contract was formed, could not then claim the benefit of a fee provision from the void contract. The court noted that the legislative intent behind section 1717 was to:

> establish mutuality of remedy where a contractual provision makes recovery of attorney's fees avail-

able for only one party, and to prevent oppressive use of one-sided attorney's fees provisions. The statute would fall short of this [legislative] goal of full mutuality of remedy if its benefits were denied to parties who defeat contract claims by proving that they were not parties to the alleged contract or that it was never formed.

*Id.* (citations and alterations omitted). In *Bartmess v. Bourassa*, 639 P.2d 1147 (Mont. 1982), the Montana Supreme Court similarly interpreted the applicable Montana statute as providing a reciprocal right to attorney fees in any action on a contract. *Id.* at 1148; *see also Herzog Aluminum, Inc. v. Gen. Am. Window Corp.*, 692 P.2d 867, 872 (Wash. Ct. App. 1984) (applying state reciprocity statute in favor of prevailing party who showed absence of enforceable contract).

**[6]** We disagree with Golden Pisces and OneBeacon's assertion that this set of state court cases indicates a "common law rule of true reciprocity." The state courts were simply construing the legislative intent behind the state reciprocity statutes at issue. *See Hsu*, 891 P.2d 804 at 809. No similar maritime reciprocity statute exists; moreover, other state courts have declined to interpret their reciprocity statutes as requiring enforcement of a fees provision from an unenforceable contract. *See, e.g.*, *Care Med. Equip., Inc. v. Baldwin*, 15 P.3d 561, 563 (Or. 2000) (en banc) (denying attorneys' fees based on conclusion that state reciprocity statute required existence of valid contract); *Kunz v. Lobo Lodge, Inc.*, 990 P.2d 1219, 1223 (Id. Ct. App. 1999) (holding that state reciprocity statute did not apply in favor of prevailing party who showed that contract was illegal); *Baxley Veneer & Clete Co. v. Maddox*, 404 S.E.2d 554, 556 (Ga. 1991) ("It would be inconsistent to allow an award of attorney fees under OCGA § 13-6-11 in an action based on a contract that is unenforceable as a matter of law."); *Buckmaster v. Dent*, 707 P.2d 319, 321 (Ariz. 1985) (holding that "there is no successful party

within the meaning of A.R.S. § 12-341.01 when a contract has been held to be void").

### C.

**[7]** We are also unpersuaded by Golden Pisces and One-Beacon's policy-based rationales in favor of their proffered rule. They argue first that one-sided fees provisions are inherently unfair to the party with weaker bargaining power. The attorneys' fees provision in the void contract at issue here, however, was not one-sided, providing instead that "[i]n any litigation to enforce or interpret this agreement, the losing party agrees to pay the prevailing party's reasonable attorney fees."

**[8]** Golden Pisces and OneBeacon next assert that the doctrine of judicial estoppel, which "precludes a party from gaining an advantage" by taking contradictory positions at different stages of a judicial proceeding, *see Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996), requires the adoption of its reciprocity rule. To the contrary, this doctrine actually supports the opposite conclusion here: Golden Pisces and OneBeacon first argued to their advantage that the written contract was void for lack of mutual assent and now seek, again to their advantage, to enforce a term from that same contract.

### IV.

**[9]** We therefore conclude that the district court correctly interpreted the American Rule and that it did not abuse its discretion in denying Golden Pisces and OneBeacon's motion for attorneys' fees. Because Golden Pisces and OneBeacon cannot rely on the attorneys' fees provision from the same form contract that they successfully proved was void, the Rule does not authorize an attorneys' fees award in their favor. We also decline to announce a new equitable maritime exception to the Rule on the basis of "reciprocity." No maritime statute

otherwise requires an attorneys' fees award in Golden Pisces and OneBeacon's favor; we therefore affirm the district court's order.

**AFFIRMED.**