Robinson, J.,
¶ 33. concurring. I concur in the result because the “claw-back” is an essential component of the purported deal, and the parameters of the claw-back are sufficiently complex and individualized that a general reference to the broad concept of a claw-back is insufficient to establish a binding contract. Notwithstanding the purported agreement for the sale of the shares, without a meeting of the minds as to the way the claw-back would operate, the parties did not truly have a deal. There is no evidence of any customary trade practices that would reasonably enable a court to fill in the blanks as to the specifics of that provision, and I do not believe a court could rely on the proposed terms from the parties’ prior negotiation which ended without a meeting of the minds.
¶ 34. I write separately because I cannot join the majority’s suggestion that the parties’ failure to address whether or not their agreement would include a form of non compete or non solicitation agreement rendered it illusory or fatally incomplete. A non compete agreement may be desirable in connection with sales like this; it may even be common. But in contrast to the details concerning the claw-back, a non compete agreement is in no way *634 essential to a coherent agreement that can be understood and enforced by a court. The fact that a party subsequently seeks to add a non compete term to an otherwise complete agreement to buy a business, or shares in a business, cannot render the underlying agreement illusory and incomplete.
¶ 35. To suggest otherwise would invite buyers to engage in a form of “bait and switch,” negotiating a concluded agreement, then strategically raising additional non compete terms to either move the goalposts on the seller or avoid the contract. If the initial agreement in this case could have been fully understood and readily enforced without a non compete provision, the absence of any discussion about such a provision in the parties’ initial email exchange would not have undermined the integrity of their agreement. See Osler Inst., Inc. v. Forde, 386 F.3d 816, 818-19 (7th Cir. 2004) (concluding that non compete provision was not so essential to purpose of contract that invalidation of provision would void contract in its entirety); Murphy v. Hosanna Youth Facilities, Inc., 683 F. Supp. 2d 1304, 1313 (N.D. Ga. 2010) (holding that parties’ failure to reach meeting of minds on non competition agreement does not cause other provisions of agreement to be unenforceable because non competition agreement was not essential provision).
¶ 36. For this reason, I separately concur.