**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLCAPCORP LTD, DBA Allegiance Capital Corporation, | No. 20-55457 20-55758 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-00206-JVS-JDE |
| v. | |
| CHC CONSULTING LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| ALLCAPCORP LTD, DBA Allegiance Capital Corporation, | No. 20-55513 |
| Plaintiff-Appellee, | D.C. No. 8:19-cv-00206-JVS-JDE |
| v. | |
| CHC CONSULTING LLC; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 2, 2021
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  PAEZ, CALLAHAN, and OWENS, Circuit Judges.

Allcapcorp Ltd. Co. (Allcap) sued CHC Consulting LLC (CHC), alleging that it was entitled to a "Success Fee" based on their Engagement Agreement and the eventual sale of CHC to Congruex LLC (Congruex).  The district court granted summary judgment for CHC finding that the Engagement Agreement was not enforceable under California law, and awarded CHC $771,996.15 in attorneys' fees.  Allcap appeals the grant of summary judgment and the award of attorneys' fees, and CHC cross-appeals, arguing that the Agreement is void under California law on a ground presented to, but not adopted by, the district court.  We have jurisdiction over all three appeals.  28 U.S.C. § 1291; *see also Mahach-Watkins v. Depee*, 593 F.3d 1054, 1063 (9th Cir. 2010).  We affirm the district court's orders.

**1.**  Allcap asserts that Texas law, rather than California law, applied to the Agreement.  The parties agree that the district court properly looked to Texas law to determine which state's law applied to the Agreement.  The parties also agree that Texas follows the Restatement (Second) of Conflict of Laws to determine which state has the most significant relationship to the transaction and the parties.

The district court's choice-of-law determination is reviewed de novo and the district court's factual findings are reviewed for clear error.  *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001).  The choice-of-law provisions of Texas apply, *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990),

2

and the district court properly applied the factors set forth in sections 188 and 6 of the Restatement for contracts that do not contain an express choice-of-law provision. *See Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 231 (Tex. 2008). We conclude, noting that the Agreement concerned the sale of a California corporation, that Allcap has not shown that the district court erred in holding California law applies in this case.

**2.** Allcap challenges the district court's determination that the Agreement was not enforceable under California law because it violates the provision of California Business & Professions Code § 10176(f) by not having "a definite, specified date of final and complete termination." Allcap asserts that § 10176(f) authorizes the Real Estate Commissioner to investigate a contract but does not necessarily invalidate a contract. It further contends that a sale of a business opportunity is exempt from § 10176(f) if the broker/dealer exception in California Business & Professions Code § 10008.5 applies.

Allcap's first argument was rejected by the California courts in *Dale v. Palmer*, 235 P.2d 650, 652 (Cal. Dist. Ct. App. 1951) ("The imposition by statute of a penalty implies a prohibition of the act to which the penalty is attached, and a contract founded upon such act is void."). Allcap's second argument is not persuasive because it does not appear that the presence of a broker is likely to avoid the concerns that underlie § 10008.5 and Allcap offers no case law directly

3

supporting its argument. Allcap has not shown that the district court misinterpreted or misapplied California law in holding that the Agreement did not have a termination date and was unenforceable.[1]

**3.** Even if the Agreement were enforceable under California law, the grant of summary judgment would have been proper because the record shows that there was no sale of CHC within two years of the termination of the Agreement. Allcap asserts that in the Agreement the terms "consummate" and "close" have different meanings and that the sale of CHC to Congruex should have been "consummated" in July 2017. The Agreement cannot reasonably be read as creating distinct meanings for "consummate" and "close" as to when a Success Fee could be calculated and become due. Furthermore, nothing in the record suggests that CHC had any obligation to complete the sale to Congruex within the Agreement's two-year tail period.

**4.** Allcap argues that the award of attorneys' fees should be reversed or significantly reduced. It first asserts that because the district court held that the Agreement was not enforceable, the right to attorneys' fees under the contract never matured. This assertion is contrary to California's mutuality of remedy

---

[1] Because we hold that the Agreement was unenforceable under California law because it lacked "a definite, specified date of final and complete termination," § 10176(f), we need not, and do not, consider the argument raised in CHC's cross-appeal that the Agreement is unenforceable because Allcap did not have a broker as required by California Business and Professions Code § 10130.

4

doctrine. *See Cal.-Am. Water Co. v. Marina Coast Water Dist.*, 227 Cal. Rptr. 3d 110, 114 (Cal. App. 2017) (citing *Santisas v. Goodin*, 951 P.2d 399, 407 (Cal. 1998), as holding that if a party would have been exposed to fees had the court found against it, then that party is entitled to fees if it prevails); *see also Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*, 495 F.3d 1078, 1083 (9th Cir. 2007) (recognizing that the California Supreme Court has upheld California's mutuality of remedy doctrine). Allcap has not shown that CHC was not entitled to attorneys' fees.

Allcap also challenges the amount of fees awarded. We review the amount of attorneys' fees awarded for abuse of discretion. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018). In doing so, we consider whether the district court's decision is illogical, implausible, or without support in inferences that may be drawn from the facts. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Allcap objects to the hours spent on the case, the hourly rates of the attorneys, the number of attorneys who worked on the case, blocked-billed time, and quarterly-hour billing. The district court, however, found that "the hourly rates billed by the three law firms were reasonable and commensurate with the respective attorneys' experience and skill," and that its review of most of the billing entries revealed "no duplicative, excessive, redundant, unrelated, clerical or unnecessary work." Nonetheless, the district court

5

gave the fee request a 10% "haircut," noting that it could have "alternatively impose[d] a similar reduction as a result of the block billing and quarter-hour billing practices." Allcap has not supported its objections to the amount of fees awarded with the type of fact-based assertions that would allow us to determine whether the district court's 10% "haircut" was an abuse of discretion.

Accordingly, in appeals Nos. 20-55457 and 20-55758, we AFFIRM the district court's grant of summary judgment and award of attorneys' fees, and we DISMISS CHC's cross-appeal, No. 20-55513, as moot. CHC shall recover its costs on appeal.